UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AN'DRE ADAMS, *et al.* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 14-3338 |
| | ) | |
| GREGG SCOTT, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW OPINION**

Five Plaintiffs, proceeding pro se and civilly detained at Rushville Treatment and Detention Center, bring the present lawsuit alleging violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc-1, and a claim pursuant to 42 U.S.C. § 1983 alleging a violation of the First Amendment's right to the Free Exercise of Religion.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is

plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS[1]

Plaintiffs, all residents of Rushville Treatment and Detention Facility ("Rushville" or "TDF"), allege they are members of a nondenominational religion. Plaintiffs allege that they follow the teachings of the Bible, but do not affiliate with any particular religious denomination. Rather, Plaintiffs allege their religion requires attendance at denominational religious services of many faiths. The Plaintiffs allege that policies currently in effect at the TDF inhibit the practice of their religion by limiting attendance to denominational services to one denomination per year, prohibiting nondenominational believers from speaking at denominational services, and prohibiting digital media of religious materials. In addition, Plaintiffs allege that the defendants have denied requests for the TDF to provide nondenominational services.

## ANALYSIS

The Religious Land Use and Institutionalized Persons Act (RLUIPA) prohibits governmental imposition of a "substantial

---

[1] For purposes of merit review under Section 1915A, the Court reviews Plaintiffs' most recent amended complaint (Doc. 19), and the allegations contained therein.

burden on the religious exercise" of a prisoner, even if the burden results from a rule of general applicability, unless the burden "(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a).  Although RLUIPA does not provide a definition of "substantial burden," the Seventh Circuit has held it is a restriction "that necessarily bears direct, primary, and fundamental responsibility for rendering religious exercise … effectively impracticable." <u>Civil Liberties for Urban Believers v. City of Chicago</u>, 342 F.3d 752, 761 (7th Cir.2003).  "In determining when an exercise has become 'effectively impracticable,' it is helpful to remember that in the context of the Free Exercise Clause, the Supreme Court held that a government imposes a substantial burden on a person's beliefs when it 'put[s] substantial pressure on an adherent to modify his behavior and violate his beliefs.'" <u>Koger v. Bryan</u>, 523 F.3d 789, 799 (7th Cir.  2008) (quoting <u>Thomas v. Review Bd.</u>, 450 U.S. 707, 718 (1981)); <u>see also</u> <u>Hunafa v. Murphy</u>, 907 F.2d 46, 47 (7th Cir.1990) (recognizing that a prisoner can bring a claim where he is "put to an improper choice between adequate nutrition and observance of the tenets of his faith").

Plaintiffs allege that no nondenominational religious services at Rushville presently exist and requests to create one have been denied. Plaintiffs allege that they must declare affiliation with a particular denomination to attend religious services and if they attend, they are prohibited from speaking. From these facts, the Court cannot rule out a claim based upon RLUIPA.

Furthermore, the Court cannot rule out a First Amendment violation of the Free Exercise Clause. Plaintiffs allege that TDF policy places a substantial burden on the practice of their religion because it forces a choice between not attending a religious service and declaring affiliation with a particular faith or denomination of which they are not part. Such a choice could potentially violate the First Amendment. Cf. Wallace v. Jaffree, 472 U.S. 38, 53 (1985) ("[T]he individual freedom of conscience protected by the First Amendment embraces the right to select any religious faith or none at all.").

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following claim: violation of the Religious Land Use and Institutionalized

Persons Act (RLUIPA) and a First Amendment violation of the Free Exercise Clause. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant

worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff

has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

    7)    Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

    8)    Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

    9)    If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S.

Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, <u>if not already done</u>, and to attempt service on Defendants pursuant to the standard procedures.**

12) **Plaintiff Johnny LaRue's Motion to Waive Filing Fee [20] is DENIED with leave to renew. Plaintiff is granted 30 days from the date of this Order to pay the reduced filing fee or file a renewed motion to waive filing fee. If Plaintiff files a renewed motion, he shall attach Trust Fund Ledgers for the preceding three (3) months.**

13) **Plaintiff Frankie N. Walker's Motion to Waive Filing Fee [21] is DENIED with leave to renew. Plaintiff is granted 30 days from the date of this Order to pay the reduced filing fee or file a renewed motion to waive filing fee. If Plaintiff files a**

**renewed motion, he shall attach Trust Fund Ledgers for the preceding three (3) months.**

ENTERED: April 10, 2015

FOR THE COURT:

                    *s/ Sue E. Myerscough*
                    SUE E. MYERSCOUGH
              UNITED STATES DISTRICT JUDGE